# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 1, 2012

Lyle W. Cayce
Clerk

No. 11-51097
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO DIAZ-MELENDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1483-1

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Eduardo Diaz-Melendez (Diaz) appeals following his guilty plea conviction of illegal reentry of the United States after deportation. He was sentenced to a 57-month term of imprisonment and to three years of supervised release. He contends that the 57-month sentence is substantively unreasonable because it is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Conceding that he failed to object in the district court, Diaz asserts that plain error review should not apply because no objection is required to preserve the issue of the substantive reasonableness of a sentence. He acknowledges, however, that the issue is foreclosed, and he raises it to preserve the issue for further review. We have held that a defendant's failure to object at sentencing to the reasonableness of his sentence triggers plain error review. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Even if we reviewed for an abuse of discretion, his arguments are unavailing. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (reviewing a substantive reasonableness of a sentence for an abuse of discretion).

Because the sentence was within the properly calculated guidelines range of 46 to 57 months of imprisonment, it is entitled to a presumption of reasonableness. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The district court determined that a sentence at the high end of the guidelines range was appropriate in light of Diaz's extensive criminal record, which included several convictions of transporting illegal aliens. Diaz is essentially requesting us to reweigh the sentencing factors of § 3553(a), but we are not permitted to do so. *See Gall*, 552 U.S. at 51. Diaz has not shown a clear error of judgment on the district court's part in balancing the § 3553(a) factors. *See Cooks*, 589 F.3d at 176. He has thus failed to rebut the presumption of reasonableness that we apply to his within-guidelines sentence. *See Campos-Maldonado*, 531 F.3d at 338.

Diaz contends that the presumption of reasonableness should not be applied to his sentence because the illegal reentry guideline, without an

No. 11-51097

empirical basis, double counts a defendant's criminal history.  He raises this argument to preserve the issue for further review because, as he acknowledges, it is foreclosed.  *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

As Diaz has not shown any error, much less plain error, the judgment of the district court is AFFIRMED.